UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID DANIEL HIX,

    Plaintiff,

v.                                          Case No. 8:25-cv-69-SDM-LSG

JOSEPH MCCLELLAN,
YANNIS HANTZIS, and
SAMANTHA LEWIS,

    Defendants.
_____/

## ORDER

The *pro se* plaintiff David Daniel Hix sues, Doc. 1, the defendants under 28 U.S.C. § 1983 for alleged violations of his constitutional rights. According to Hix, the defendants are all deputies with the Hernando County Sheriff's Office. Doc. 1 at 2–3. Hix moves to proceed *in forma pauperis*, that is, without prepayment of fees or costs. Doc. 2. Because the complaint fails to conform to the pleading requirements, the motion to proceed *in forma pauperis* is taken under advisement. No later than February 17, 2025, Hix must file an amended complaint that conforms to the requirements of Rules 8 and 10, Federal Rules of Civil Procedure, and this order. Failure to file an amended complaint may result in a recommendation that the district judge dismiss the complaint, Doc. 1, and deny the motion, Doc. 2.

I.  **LEGAL STANDARD**

Under 28 U.S.C. § 1915, a court may authorize on a finding of indigency the commencement of a civil action without requiring the prepayment of fees. A litigant may commence an action in federal court "by filing in good faith an affidavit stating . . . that he [or she] is unable to pay the costs of the lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Proceeding *in forma pauperis* "is a privilege extended to those unable to pay filing fees" and is not an "absolute right." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[1] After reviewing the affidavit to determine the economic status of the litigant, the court must review and dismiss if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

To state a claim, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a)(1)–(3); *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). A pleading must "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." FED. R. CIV. P.

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent decisions of the former Fifth Circuit Court of Appeals decided on or before September 30, 1981).

10(b). These pleading requirements "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996). Although a *pro se* pleading receives a liberal construction, a *pro se* plaintiff must nonetheless comply with the Federal Rules of Civil Procedure and the Middle District of Florida's Local Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II. DISCUSSION

### A. The complaint is improperly pleaded.

Hix attaches to his *pro se* complaint a lengthy narrative describing events occurring on or around March 25, 2021. Doc. 1 at 4–6. Hix alleges violations of his constitutional rights including "freedom of speech violations, extreme use of excessive force, cruel and unusual punishment, [] due process violations, deleting of evidence against themselves, and falsifying police reports by purposely lying to the judge[.]" Doc. 1 at 3. Although the narrative mentions each of the defendants by name, the narrative fails to specify which of the defendants is responsible for which constitutional violation. Because of this, Hix's complaint is an impermissible "shotgun pleading" that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach*

*Co. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015). Accordingly, Hix must amend his complaint to comply with Rule 10, which means that he must describe in separate counts the acts or omissions attributable to each defendant and the constitutional right allegedly violated by each defendant.

### B. The complaint fails to state a claim.

Hix's allegations cannot support an official capacity claim against the defendants. An "official capacity" claim against a police officer is essentially a claim against the government entity. *Geter v. Wille*, 846 F.2d 1352, 1354 n.1 (11th Cir. 1988); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (explaining that "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't. of Soc. Serv.*, 436 U.S. 658, 690 (1985)).[2] To state a claim against a government entity, Hix must allege facts showing that a "policy or custom" of the Hernando County Sheriff's Office "played a part in the violation of federal law." "A policy is a 'decision that is officially adopted by the [law enforcement agency], or created by an official of such a rank that he or she could be said to be acting on behalf of [the law enforcement agency].'" *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1299 (11th Cir. 2023) (quoting *Christmas v. Harris Cnty.*, Ga., 51 F.4th 1348, 1356 (11th Cir. 2022)). "A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law." *Id*. (quoting *Christmas*, 51 F.4th at

---

[2] By contrast, a "[p]ersonal-capacity suit[] seek[s] to impose personal liability upon a government official for actions he takes under color of state law." *Graham*, 473 U.S. at 166.

- 4 -

1356). "Demonstrating a policy or custom requires showing a persistent and widespread practice." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007).

Here, the complaint centers on the defendants' alleged conduct on or around March 25, 2021, when Hix began filming a traffic stop and when a subsequent altercation led to Hix's arrest. Doc. 1 at 4–6. Even liberally construed, Hix's complaint alleges no facts showing that a policy or custom of the Hernando County Sheriff's Office played a part in the violation of his constitutional rights. Hix describes no officially adopted policy or unwritten practice that pervaded the Hernando County Sheriff's Office and that led to the defendants violating Hix's constitutional rights. Thus, Hix's complaint fails to state a viable official capacity claim against the defendants.

### III.    CONCLUSION

Accordingly, I will take under advisement Hix's motion to proceed *in forma pauperis* pending his filing of an amended complaint that comports with Rules 8 and 10, Federal Rules of Civil Procedure, and that states a viable claim. If he chooses to amend, Hix must file the amended complaint no later than **February 17, 2025**. Failure to file an amended complaint may result in a recommendation that the district judge dismiss Hix's complaint, Doc. 1, and deny the motion to proceed *in forma pauperis*, Doc. 2.

- 6 -

**ORDERED** on this 30th day of January, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge